# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.                                                      Case No: 6:23-cv-1191-RBD-DCI

**JOSE COLLADO and BETSY COLLADO,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **UNITED STATES' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS (Doc. 16)** |
| **FILED:** | **September 15, 2023** |
| **THEREON** it is **RECOMMENDED** that the Motion be **GRANTED**. | |

### I. Background

On September 15, 2023, the United States of America (Plaintiff) filed a Complaint against Defendants Jose Collado and Betsy Collado (Defendants) seeking to reduce to judgment Defendants' unpaid federal income tax liabilities. Doc. 1. Defendants did not respond to the Complaint and on August 11, 2023, the Clerk entered default. Doc. 15. Pending before the Court is Plaintiff's Motion for Default Judgment Against Defendants pursuant to Federal Rule of Civil Procedure 55(b)(2). Doc. 16 (the Motion). Defendants have not responded to the Motion and the time for doing so has elapsed.

For the reasons stated herein, the undersigned recommends that the Motion be granted.

## II.     Standard of Review

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed. R. Civ. P. 55(a). Second, after obtaining clerk's default, the plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

## III.    ANALYSIS

### A. Jurisdiction

Plaintiff alleges that "[t]his action is authorized and requested by the Chief Counsel of the IRS, a delegate of the Secretary of the Treasury of the United States and is commenced at the direction of the Attorney General of the United States." Doc. 1 at 1, citing 26 U.S.C. § 7401. Plaintiff claims that this Court has jurisdiction over this matter pursuant to 26 U.S.C. § 7401(a) and 28 U.S.C. §§ 1340 and 1345. *Id.* at 2.

Upon due consideration, the undersigned recommends that the Court has jurisdiction over Plaintiff's claims. *See United States v. Goldston*, 324 F. App'x 835, 837 (11th Cir. 2009) (finding jurisdiction existed under 26 U.S.C. 7402(a) and 28 U.S.C. 1340, 1345 because the government

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

was a party, the action involved the federal income tax laws, and the district courts have the ability to render judgments as necessary to enforce internal revenue laws); *see also*

### B. Service of Process

To be entitled to a default judgment, a plaintiff bears the burden to establish proper service of the complaint on the defaulting party. *See Rajotte v. Fabco Metal Prod., LLC*, 2012 WL 6765731, at *2 (M.D. Fla. Dec. 13, 2012), *report and recommendation adopted*, 2013 WL 57722 (M.D. Fla. Jan. 4, 2013) (denying motion for default judgment without prejudice due to improper service.). A district court may not enter default judgment against a defendant who was not properly served. *Colclough v. Gwinnett Pub. Schs.*, 734 F. App'x 660, 662 (11th Cir. 2018) ("Given the improper service, the Court lacked jurisdiction over the matter and could not render a default judgment or enter default.").

Federal Rule of Civil Procedure 4(e)(1) allows for service of process on an individual pursuant to the law of the state where the district court is located or where service is made. Section 48.031 of the Florida Statutes, in turn, allows for service of process on an individual "by leaving [copies of the complaint or other initial pleading or paper] at [the individual's] usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031.

Further, under Rule 4(e)(2), service is made by either (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Here, Plaintiff served Defendants with a copy of the summons and Complaint on July 10, 2023. Specifically, the process server certified that she personally served Betsy Collado at an address in Altamonte Springs, Florida. Doc. 10. The process server also certified that she served Jose Collado by delivering a copy of the summons and Complaint to Diana Collado described as a co-occupant/spouse located at Jose Collado's usual place of abode. Doc. 11.

Upon due consideration, the undersigned recommends that Plaintiff properly served Defendants. *See* Fed.R.Civ.P. 4(e)(1); *see also* Fed.R.Civ. P. 4(e)(2)(A), (B).

### C. Liability

"Before a taxpayer is subject to any tax liability, the Internal Revenue Service ('IRS') must first determine that a tax deficiency exists." *United States v. Navolio*, 2008 WL 2413956, at *2 (M.D. Fla. June 11, 2008). "As explained by the United States Supreme Court, '[i]n essence, a deficiency as defined in the [United States] Code is the amount of tax imposed less any amount that may have been reported by the taxpayer on his return. Where there has been no tax return filed, the deficiency is the amount of tax due.'" *Id*. (quoting *Laing v. United States*, 423 U.S. 161, 173-74, 96 S. Ct. 473, 46 L. Ed. 2d 416 (1976)). If the IRS determines that there is a deficiency, the IRS is authorized to send notice of such deficiency to the taxpayer pursuant to 26 U.S.C. § 6212(a). *Id*.

Here, the government has established Defendants' liability. The Complaint is deemed admitted by the default, and Plaintiff alleges that Defendants jointly filed 1040 federal income tax returns for 2012 through 2017. Doc. 1 at 2. The returns for 2012, 2013, 2014, 2015, and 2016 were at least six months late. *Id*. On or about May 7, 2012, Defendants made a payment towards their 2012 income tax liabilities, but their financial institution dishonored the payment. *Id*. Also, Defendants failed to make the estimated payments against their tax liabilities for 2013 and 2015.

*Id*. Plaintiff alleges that a delegate of the Secretary of the Treasure (the Secretary) assessed $15,713.55 against Defendants jointly for the 2012 tax period; $41,166.96 for the 2013 tax period; $18,303.73 for the 2014 tax period; $19,296.54 for the 2015 tax period; $15,189.55 for the 2016 tax period; and $12,595.65 for the 2017 tax period. *Id*. at 3-4. Plaintiff alleges as of June 22, 2023, Defendants jointly owe the United States $122,265.98, plus interest and statutory additions thereon as provided by law for the unpaid federal income tax liabilities for 2012 through 2017. *Id*. at 4.

With respect to Jose Collado, Plaintiff alleges that he filed a federal income tax return in 2019 as "married filing separately" and that the delegate of the Secretary assessed the federal income tax liability, plus penalties for failing to timely pay along with interest. *Id*. at 5. Plaintiff claims that as of June 22, 2023, Defendant Collado owes the United States $8,760.65 for the individual liability, plus interest and statutory additions thereon as provided by law. *Id*.

Further, Plaintiff alleges that Jose Collado continued to serve as the President and sole officer of Cellworks, a Florida corporation, but in or about September 2013, the corporation became defunct. *Id*. at 6. Plaintiff asserts that Jose Collado failed to pay the income and employment taxes withheld from wages in the fourth quarter of 2011 and the first quarter of 2012. *Id*. at 7. The IRS determined that he willfully failed to make the payment. *Id*. The delegate of the Secretary assessed the trust fund recovery penalties and Plaintiff alleges that as of June 22, 2023, Jose Collado owes the United States $130,858.72, plus interest and statutory additions thereon as provided by law. *Id*. at 8.

Finally, Plaintiff alleges that a delegate of the Secretary gave notice to both Defendants for the joint tax liabilities and to Jose Collado for the individual tax liability and liability for the trust

fund recovery penalties. *Id*. at 4, 5, 8.[2] Plaintiff also claims that Defendants did not pay despite the notice and demand for payment, interest, and penalties. *Id*.

Based on the foregoing, the undersigned recommends that Plaintiff has established Defendants' liability both jointly and individually.

### D. Assessment

An assessment is a procedure in which the IRS "records the liability of the taxpayer in IRS files.'" *Navolio*, 2008 WL 2413956, at *3 (quoting *Behren v. United States*, 82 F.3d 1017, 1018 n.1 (11th Cir. 1996)). "Generally, an assessment of federal tax by the IRS is presumed valid if supported by a Certificate of Assessments, Payments, and Other Specified Matters ('Form 4340'), and the assessment 'amounts to an IRS determination that a taxpayer owes the [f]ederal [g]overnment a certain amount of unpaid taxes.'" *United States v. Cornwell*, 2020 WL 674092, at *11 (M.D. Fla. Feb. 11, 2020) (quoting *United States v. Stein*, 881 F.3d 853, 855 (11th Cir. 2018)). "The presumption extends to penalties and interest arising as a result of unpaid taxes, which are statutorily considered 'taxes' for the purposes of tax assessment." *Id*. (citing 26 U.S.C. § 6665(a)(2)). "A court may also rely on the sworn declaration of a revenue officer to conclude that a balance remains due on these assessments." *Id*. (citation omitted). "A taxpayer has the burden of overcoming the presumption of correctness by proving that the method of computing the tax, and therefore the assessment, is arbitrary and without foundation." *Id*. (citations omitted). !

In support of the Motion, Plaintiff has attached the declarations of IRS Revenue Officer Luis Diaz (Diaz Declaration) and Hana B. Quillan, Department of Justice Trial Attorney in the Tax Division (Quillan Declaration). Docs. 16-2; 19. The Quillan Declaration relates to the

---

[2] *See also* Doc. 19-1 at 3, 5, 6, 8-43, 5, 67-70, 6, 74-87.

Servicemembers Civil Relief Act and shows that Defendants are not members of any branch of the United States Military.  Doc. 16-2.

The Diaz Declaration relates to the account transcripts concerning Defendants' unpaid federal tax liabilities for the relevant years.  Doc. 19-1.  Officer Diaz declares that it is his duty to investigate taxpayer assets and to forward recommendations to commence suit to collect taxes and enforce tax liens.  *Id*. at 1.  Officer Diaz states that he is familiar with IRS record keeping procedures and the computer system for storing and tracking information on taxpayer's accounts.  *Id*.  Officer Diaz states that he is assigned to collect Defendants' federal tax liabilities and penalties.  *Id*.

Officer Diaz has attached an account transcript that shows Defendants' unpaid income tax liabilities for tax years 2012 through 2017 and reflects notice and demand for payment.  *Id*. at 3, 8-43.  Officer Diaz avers that he confirmed the assessments and computed the unpaid balance, plus interest and statutory additions through September 15, 2023 for each tax period.  *Id*. at 5.  Officer Diaz has attached copies of the computations for the joint unpaid tax liabilities.  *Id*. at 44-66.  Officer Diaz declares that as of September 15, 2023, the total outstanding balance Defendants jointly owe is $124,247.19 for tax years 2012 through 2017.  *Id*. at 5.

As to Jose Collado's individual federal tax liability, Officer Diaz has attached the account transcript and states that it confirms that the IRS assessed the liability, gave notice, and demanded payment.  *Id*. at 5, 67-70.  Officer Diaz states that he confirmed the assessment and computed the unpaid balance, plus accrued interest, and statutory additions through September 15, 2023 for the 2019 tax year.  *Id*. at 6.  Officer Diaz has attached copies of the computations for the individual tax liability.  *Id*. at 71-73.  Officer Diaz declares that as of September 15, 2023, Jose Collado owes $8,881.19 for the 2019 tax year.  *Id*. at 6.

Officer Diaz has also attached the account transcript for Jose Collado's unpaid trust fund recovery penalties for the fourth quarter of 2011 and the first quarter of 2012.  The transcript confirms the assessment, notice, and demand for payment.  *Id*. at 6, 74-87.  Officer Diaz declares that he confirmed the assessments and computed the unpaid balance due plus accrued interest and statutory additions through September 15, 2023.  *Id*. at 7.  Officer Diaz has attached copies of the computations.  *Id*. at 88-95.  Officer Diaz declares that Jose Collado's total outstanding balance is $130,902.56 for the relevant time-periods.  *Id*. at 7.

Plaintiff's tax assessments are presumptively correct as a matter of law and because Defendants have not contested the amount of the assessments or the unpaid liabilities in response to the Complaint or the Motion, Defendants have failed to overcome the presumption of correctness of the assessments.  It is also deemed that Defendants have admitted that the IRS issued the notices of these assessments, demanded payment, and Defendants failed to satisfy those demands.

In sum, the undersigned recommends that Plaintiff has sufficiently established the amount due to the United States.

### IV. Conclusion

Based on the foregoing, it is **RECOMMENDED** that:

1. the Court grant the Motion (Doc. 16);
2. enter judgment in favor of Plaintiff and against Jose and Betsy Collado jointly and severally for their unpaid federal income tax liabilities for 2012 through 2017 in the amount of $124,247.19, as of September 15, 2023, plus interest pursuant to 28 U.S.C. § 1961(c) and 26 U.S.C. §§ 6601, 6621, and 6622, as well as any further additions as may continue to accrue by law;

3. enter judgment in favor of Plaintiff and against Jose Collado for unpaid individual federal income tax liabilities for 2019 in the amount of $8,881.19, as of September 15, 2023, plus interest pursuant to 28 U.S.C. § 1961(c) and 26 U.S.C. §§ 6601, 6621, and 6622 as well as any further additions as may continue to accrue by law; and

4. enter judgment in favor of Plaintiff and against Jose Collado for unpaid trust fund recovery penalty liabilities for the fourth quarter of 2011 and first quarter of 2012 in the amount of $130,902.56, as of September 15, 2023, plus interest pursuant to 28 U.S.C. § 1961(c) and 26 U.S.C. §§ 6601, 6621, and 6622 as well as any further additions as may continue to accrue by law.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on October 18, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy